By the Court.
The fact that the witnesses offered by the state in a criminal prosecution differ as to the date of the commission of the offense charged' in the indictment, does not constitute a *362 variance between the allegations of the indictment and the proofs, but if it appears from the whole evidence that the witnesses for the state are testifying to different transactions, the state, at the close of its evidence, may be required to elect as to which transaction it will rely upon for conviction.
Where in the trial of an accused upon an indictment charging rape, as of the date of October 9, 1912, the prosecuting witness, a girl about ten years of age, testified, in May of the following year, that she thought the act was committed in August of the preceding year, but could not say what time in August it was committed, and other facts and circumstances were offered in evidence by the state tending to show that the act was probably committed at a later date, a verdict of guilty is sustained by the evidence, whether the jury believes the prosecuting witness was correct or mistaken in her testimony as to the date of the offense, provided, however, it clearly appears from the evidence that it is one and the same act charged in the indictment to have been committed on or about the 9th day of October.
In a prosecution for rape, where the state has given evidence tending to prove that the prosecuting witness had contracted a venereal disease from the defendant by reason of his alleged forcible sexual intercourse with her, evidence that she had sexual intercourse with others than the defendant about the time of the alleged rape is admissible to show that the prosecuting witness might have contracted the disease from some person other than the defendant, but evidence that she tried to have *363 sexual intercourse with other men or boys during that period is inadmissible for any purpose.
Where a defendant while confined in jail submits without objection to a physical examination of his person, with knowledge that such examination is for the purpose of proving or disproving his guilt of the crime charged, evidence of the result of such examination may be admitted in evidence upon the trial. (Lindsey v. The State, 4 C. C, N. S., 409; affirmed, 69 Ohio St., 215.)

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Wanamaker, Newman and Wilkin, JJ., concur.